OPINION
{¶ 1} Appellant, Michael Tolliver, appeals a decision of the Madison County Court of Common Pleas, Juvenile Division, dismissing his petition seeking custody of his two minor children.
 {¶ 2} On March 17, 2003, appellee, Robyn McBride, the children's mother, filed a custody petition in the Campbell County Circuit Court/Family Court in Campbell County, Kentucky.[1] One month after appellee filed her custody petition in Kentucky, appellant filed his custody petition in the Madison County Juvenile Court. In an entry dated May 9, 2003, the juvenile court dismissed appellant's petition on grounds that it was prohibited from exercising jurisdiction pursuant to R.C.3109.24.
 {¶ 3} Having appealed the juvenile court's decision, appellant presents a single assignment of error arguing that the juvenile court erred when it determined that it had no jurisdiction to adjudicate appellant's custody action.
 {¶ 4} A trial court may decline jurisdiction in a parenting proceeding if, at the time it is filed, there is a parenting action pending in another state. Lawrence v. Lawrence, Clermont App. No. CA2001-09-070, 2002-Ohio-1310, at ¶ 20. Specifically, R.C. 3109.24(A) provides that: "A court of this state shall not exercise its jurisdiction, if at the time of filing the petition a parenting proceeding concerning the child was pending in a court of another state * * *."
 {¶ 5} The decision whether to exercise jurisdiction pursuant to R.C. 3109.24 is a matter within the trial court's sound discretion. See Lawrence at ¶ 10. A reviewing court will not reverse a trial court's decision regarding its own jurisdiction absent an abuse of discretion. Id. See, also, Smith v. Smith
(Dec. 14, 1998), Fayette App. No. CA98-04-005.
 {¶ 6} The record clearly shows that at the time appellant filed his custody petition in the Madison County Juvenile Court, a parenting action was already pending in Kentucky. Accordingly, the juvenile court did not abuse its discretion in refusing to exercise jurisdiction over appellant's custody petition.Lawrence.
 {¶ 7} Appellant's sole assignment of error is overruled.
 {¶ 8} The judgment is affirmed.
Judgment affirmed.
Walsh and Valen, JJ., concur.
[1] According to appellee's petition, the children had been living with her in Kentucky for the previous five years. In February 2003, appellant took the children to his Ohio home for a weekend visit and refused to return them to appellee.